IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROGER JOHNSON, | § | |
| | § | |
| Defendant Below, | § | No. 511, 2018 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 9908000065 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: November 2, 2018
Decided: December 27, 2018

Before **VALIHURA**, **SEITZ**, and **TRAYNOR**, Justices.

# **O R D E R**

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1) The appellant, Roger Johnson, appeals from the Superior Court's order denying his third motion for postconviction relief under Superior Court Criminal Rule 61. The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Johnson's opening brief that the appeal is without merit. We agree and affirm.

(2) In May 2000, a Superior Court jury convicted Johnson of two counts of Robbery in the First Degree, two counts of Possession of a Firearm During the Commission of a Felony, and Conspiracy in the Second Degree. On November 15,

2000, the Superior Court sentenced Johnson as a habitual offender to twenty years at Level 5 incarceration for each of the counts of Robbery First Degree and Possession of a Firearm During the Commission of a Felony. On direct appeal, this Court affirmed Johnson's convictions and sentence.[1] In 2008 and 2012, this Court affirmed the Superior Court's denials of Johnson's two previous motions for postconviction relief.[2]

(3)     Johnson filed his third motion for postconviction relief on August 27, 2018. The Superior Court denied the motion on September 10, 2018. The Superior Court held that the motion was procedurally barred by Superior Court Criminal Rule 61. Johnson now appeals to this Court.

(4)     We affirm. Johnson has not overcome the bars to second or subsequent postconviction motions that are set forth in Rule 61 by pleading with particularity any new evidence of actual innocence or any new, retroactive rule of constitutional law that applies to his case and renders his conviction invalid.[3] Nor has he asserted any valid claim that the Superior Court lacked jurisdiction over his case.[4]  His

---

[1] *Johnson v. State*, 2002 WL 1343761 (Del. June 18, 2002).

[2] *Johnson v. State*, 2008 WL 1778241 (Del. Apr. 21, 2009); *Johnson v. State*, 2012 WL 252394 (Del. Jan. 25, 2012).

[3] SUPER. CT. CRIM. R. 61(d)(2). *See also* SUPER. CT. CRIM. R. 61(i)(1)-(4).

[4] SUPER. CT. CRIM. R. 61(i)(5).

assertion that Rule 61 "allows the court to review a claim of lack of jurisdiction to convict Johnson under *Winship*" is unavailing. The decision of the United States Supreme Court in *In re Winship*[5] does not pertain to any issue of jurisdiction.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED, and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[5] 397 U.S. 358 (1970).